UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| -vs- | : | CRIMINAL ACTION NUMBER |
| | : | 1:19-CR-103-TCB-AJB-2 |
| NATASHA NATILE FRANCE | : | |

<u>MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS:</u>
<u>Any Pictures or Information Obtained from Defendant's Cell Phone</u>

COMES NOW, the Defendant, Natasha Natile France, by and through the undersigned, and hereby briefs the issue of whether a federal agent seizing a cell phone at the time of an arrest, putting the phone in airplane mode, and unsuccessfully attempting to disable password protection tainted the subsequent search warrant for the cell phone.

The Defendant's original motion to suppress evidence from the Defendant's phone was based on the content of an audio recording, provided in Rule 16 discovery, made during the time of Ms. France's arrest, where the ATF agent informs Ms. France that he is disabling the passcode in her phone. At this Court's October 3, 2019, pretrial conference, the government represented that according to the ATF agent's report, the agent did not disable the passcode and only put the phone in airplane mode in order to disable the phone's wireless transmission functions. *See* Exhibit A. While it is true that the ATF agent's report makes no mention of

1

disabling Ms. France's passcode, the agent noted in his report that his report is a *"summary of the interview and is not intended to be a transcript. For further detail, refer to the recording."* (emphasis added).

On December 14, 2018, Ms. France was arrested during a traffic stop in Griffin, Georgia on an outstanding arrest warrant from the United States Virgin Islands. She was subsequently interviewed by federal ATF agents. The audio recording of the interaction between Ms. France and the ATF agent is attached as a separate media exhibit. The following are the interactions between Ms. France and the ATF agent during her arrest:

(01:53 – 02:27) Ms. France is read her *Miranda* warnings and she acknowledges understanding her *Miranda* rights.

(03:33 – 03:44) Ms. France inquires what she can do about her car and the ATF agent asks if there is anyone they could call on her behalf to pick-up her car to prevent it from being towed.

(04:08 – 04:22) The ATF agent informs Ms. France that her arrest warrant is out of the Virgin Islands and Ms. France admits the Virgin Islands is her home.

(04:37 – 04:49) The ATF agent asks Ms. France again that if there is anyone they can call on her behalf to pick-up her car to prevent it from being towed.

(04:55 – 05:06) Ms. France does not know the phone number of the person she would like to call to pick-up her car so the ATF agent offers to get her phone from her car.

(05:52 – 06:10) The ATF agent returns with two physical phones. He asks which phone to use and for that phone's passcode. Ms. France refuses to give her passcode but offers to open her phone with her thumbprint.

(07:20 – 07:40) The phone call on Ms. France's behalf was unsuccessful. Ms. France asks the ATF agent to hang-up and lock her phone. He does not do it.

(07:42 – 07:45) Ms. France asks the ATF agent, "Do you need something out of my phone?"

(07:57 – 07:59) Ms. France asks the ATF agent again, "Do you need something out of my phone?"

(08:02 – 08:03) The ATF agent finally responds with, "Yeah, we are going to turn off the locks on it."

(08:04 – 08:05) Ms. France informs, "I don't want the locks off."

(08:08 – 08:09) The ATF agents replies, "Well you unlocked it for me."

(08:25 – 08:27) Ms. France states, "I don't want you in my phone."

(08:58 – 09:08) The ATF agent asks Ms. France for the phone number of her second phone. Ms. France informs that agent that the phone doesn't have a chip in it, doesn't have a phone number, and is broken.

(11:23 – 11:28) Ms. France informs the ATF agent that she doesn't have anything further to say and requests a lawyer.

On December 20, 2018, the ATF agent obtained a search warrant for an Apple iPhone model A1784[1], another Apple iPhone model A1784 inside of a purple cell case, and an HP laptop computer which was found in Ms. France's car at the time of her arrest. *See* Exhibit B. In January of 2019, both phones were sent to the ATF Digital Forensics Branch (DFB) in order to have them unlocked. By June 1, 2019, the DFB was able to bypass the lock code of Ms. France's cell phone in the purple cell phone case. DFB produced data extractions from this phone. *See* Exhibit C.

---

[1] The Apple iPhone model A1784 is the Apple iPhone 7 Plus.

Almost three months later, on August 29, 2019, the DFB was able to bypass the lock code of Ms. France's other cell phone, the cell phone which lacked a SIM card, and miraculously produced data extractions from that phone as well. *See* Exhibit D.

Contrary to the government's assertion, the ATF agent *was* successful in disabling the phone's password protection and *did* examine the contents of the Defendant's phone without a search warrant at the time of her arrest. In Ms. France's companion case, United States of America v. Natasha Natile France, criminal action number 3:19-cr-9-CVG-RM, (D.V.I), Ms. France also filed a motion to suppress evidence from her phone, seized on December 14, 2018, on the same grounds that her phone was searched without her consent and without a search warrant. Ms. France's suppression motion was accompanied by a separately filed exhibit of 15 images of screen shots taken by the ATF agent from Ms. France's cell phone prior to her phone being "unlocked" by the ATF Digital Forensics Branch (DFB). *See* Exhibit E.

The only way the ATF agent could have gotten the screen shots of images from Ms. France's cell phone before June 1, 2019, was if the agent disabled her phone's passcode back on December 14, 2018, and took pictures of select images before sending the phone to DFB. The ATF agent did not have a search warrant, he did not have consent, nor did he have the right to disable Ms. France's passcode

and conduct a preliminary scroll through her phone data. The ATF agent clearly violated Ms. France's Fourth Amendment right to be secure against unreasonable searches. The holding in <u>California v. Riley</u>, 134 S.Ct. 2473, 2493 (2014) is clear, a search warrant is required before a search of a cell phone even when the cell phone is seized incident to arrest.

WHEREFORE, the Defendant, Natasha Natile France, respectfully shows that the issue this honorable Court asked to be briefed is inconsistent with the facts of what actually occurred. The disabling of the Defendant's passcode, without her consent and before a search warrant could be issued, tainted the subsequent search warrant issued on December 20, 2018. In this light, Defendant requests for all evidence obtained or derived from the data extractions of her cell phone be suppressed.

Respectfully submitted this 25th day of November, 2019.

<i>s/ Sarah M. Timmers</i><br>
Sarah M. Timmers, Esquire<br>
Georgia Bar No. 122723<br>
Counsel for Natasha Natile France

279 Washington Avenue
Marietta, GA 30060-1980
(470) 755-1049 telephone
(770) 675-7283 facsimile
sarah@sarahmtimmers.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| -vs- | : | CRIMINAL ACTION NUMBER |
| | : | 1:19-CR-103-TCB-AJB-2 |
| NATASHA NATILE FRANCE | : | |

### CERTIFICATE OF SERVICE

I hereby certify that I have on this date electronically filed Defendant's Memorandum in Support of Motion to Suppress Any Pictures or Information Obtained from Defendant's Cell Phone using the CM/ECF system, which will automatically send email notification of such filing to all parties of record in this case.

This 25th day of November, 2019.

                *s/ Sarah M. Timmers*
                Sarah M. Timmers, Esquire
                Georgia Bar No. 122723
                Counsel for Natasha Natile France

279 Washington Avenue
Marietta, GA 30060-1980
(470) 755-1049 telephone
(770) 675-7283 facsimile
sarah@sarahmtimmers.com