UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| -vs- | : | CRIMINAL ACTION NUMBER |
| | : | 1:19-CR-103-TCB-AJB-2 |
| NATASHA NATILE FRANCE | : | |

OBJECTIONS TO NON-FINAL REPORT AND RECOMMENDATION

COMES NOW, Natasha France, pursuant to 28 U.S.C. §636(b)(1)(C), and objects to the Magistrate's denial of her motion (Doc. 153) that warrantless customs boarder searches of mail parcels offend the Fourth Amendment under Hyde and Baxter because the Appendix to 19 C.F.R. §145 is inapplicable.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV.  For Fourth Amendment purposes, "[w]hat is reasonable depends upon all of the circumstances surrounding the search or seizure and the nature of the search or seizure itself." United States v. Montoya de Hernandez, 473 U.S. 531, 537 (1985). A long-recognized exception to the Fourth Amendment are border searches.  This exception is based on the principal that searches at a border, without probable cause and without a warrant are nonetheless "reasonable" and is "as old as the Fourth Amendment itself." United States v. Ramsey, 431 U.S. 606,

1

619 (1977).  "The border search exception is grounded in the recognized right of the sovereign to control, subject to substantive limitations imposed by the Constitution, who and what may enter the country.  Id. at 6520.  United States v. Hyde, 37 F.3d 116 (3rd Cir. 1994), established the applicability of the border search exception to the Fourth Amendment at the customs border between the mainland United States and the U.S. Virgin Islands.

Mail (i.e. letters and packages) delivered via the U.S. postal system, is protected under the Fourth Amendment from unreasonable searches and seizures. United States v. Jacobsen, 466 U.S. 109, 114 (1984).  The Supreme Court explained that "[i]t has long been held that first-class mail such as letters and sealed packages subject to letter postage – as distinguished from newspapers, magazines, pamphlets, and other printed matter – is free from inspection by postal authorities, except in the manner provided by the Fourth Amendment.  United States v. Van Leeuwen, 397 U.S. 249, 251 (1970).  United States v. Baxter, 951 F.3d 128 (3rd Cir. 2020) expanded the border search exception to apply parcel post packages sealed against inspection mailed between the mainland United States and the U.S. Virgin Islands.

The sealed packages at issue in this case were classified as Priority Mail. Priority mail is considered sealed mail. 39 C.F.R. §233.3(c)(3). Sealed mail or sealed letter class mail, are packages sealed against postal inspection by the sender. 19

2

C.F.R. §145.1(c). Customs officials *may* open and examine sealed letter class mail provided they have reasonable cause to suspect the presence of merchandise or contraband. 19 C.F.R. §145.3(a). If a sealed letter class mail is opened, the reasonable cause to suspect the presence of merchandise or contraband *shall* be recorded on the appropriate form. 19 C.F.R. 145 Appendix Policy Statement to Part 145. The non-final Report and Recommendation misread The Appendix to Part 145. The Appendix does not instruct officers about how to decide whether there is reasonable cause to suspect. The Appendix leaves that as a judgment call for the Customs official but does provide examples of circumstances which would permit the opening of sealed letter class mail without a search warrant or authorization of the sender or addressee. One of the best practices listed in the Appendix is to x-ray parcels to assist in the determination whether there is contraband or merchandise inside the parcel package prior to opening it. In this case, the package was opened first and only after discovering the package contained gun parts was it x-rayed.

WHEREFORE, Ms. France respectfully submits her objections to the Magistrate Judge's Report & Recommendation and respectfully requests for an overruling of the Magistrate Judge's findings.

This 2nd day of June, 2020.

*s/ Sarah M. Timmers*
Sarah M. Timmers, Esquire
GA Bar No, 122723
Counsel for Natasha France

279 Washington Avenue
Marietta, Georgia 30060-1980
(470) 755-1049 telephone
(770) 427-5869 facsimile
sarah@sarahmtimmers.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| -vs- | : | CRIMINAL ACTION NUMBER |
| | : | 1:19-CR-103-TCB-AJB-2 |
| NATASHA NATILE FRANCE | : | |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this date electronically filed Defendant's Objections to the Non-Final Report and Recommendation using the CM/ECF system, which will automatically send email notification of such filing to all parties of record in this case.

Respectfully submitted this 2nd day of June, 2020.

*s/ Sarah M. Timmers*
Sarah M. Timmers, Esquire
GA Bar No, 122723
Counsel for Natasha France

279 Washington Avenue
Marietta, Georgia 30060-1980
(470) 755-1049 telephone
(770) 427-5869 facsimile
sarah@sarahmtimmers.com