IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION FILE |
| NATASHA NATILE FRANCE, | NO. 1:19-cr-103-TCB-2 |
| Defendant. | |

**O R D E R**

This case comes before the Court on Magistrate Judge Alan J. Baverman's report and recommendation (the "R&R") [170], which recommends denying Defendant Natasha France's motions [121, 152, 153] to suppress the fruits of the search of five postal packages.[1] France has filed objections.

---

[1] Motion [121] concerns both the search of five postal packages and the search of France's cell phone; this order addresses only the former.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[2]

---

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

This order incorporates by reference the factual background included in the R&R. The R&R concludes that the warrantless search of certain parcels that France sent from Georgia to the Virgin Islands does not offend the Fourth Amendment. The R&R further determines that even if the search did violate the Fourth Amendment, suppression is not required under the good-faith exception to the exclusionary rule.

In her objections, France asserts that the R&R misread the appendix to C.F.R. Part 145. She argues that the appendix provides that best practice is to x-ray parcels to help determine whether there is contraband inside prior to opening them. Therefore, she objects to the R&R's finding that the good-faith exception should apply because the

officer failed to follow best practice when he first opened and then x-rayed one of the parcels.

The R&R concludes that the appendix does not apply because it instructs officers to decide whether there is reasonable cause to suspect that merchandise or contraband is contained in *sealed letter class mail*. In this case, the parcels were *priority mail parcels* over the thirteen-ounce first-class mail limitation.

The classification is important because under 19 C.F.R. § 145.3(a), customs officers may open and examine sealed letter class mail only if they have "reasonable cause to suspect the presence of merchandise or contraband." So the Court turns to the question of how to classify the parcel, which affects whether customs officers were required to have reasonable cause to search the parcel.[3]

The R&R concludes that the parcel was subject to customary inspection because it did not fall into an exception outlined in 19 C.F.R. § 145.2(b), which states, "all mail arriving from outside the U.S. Virgin

---

[3] Though the motion to suppress addresses five parcels, France's objections seemingly focus only on the one parcel that was x-rayed and then searched.

Islands which is to be delivered within the U.S. Virgin Islands, is subject to Customs examination, except . . . letter class mail."

To make that conclusion, the R&R relies on *United States v. Baxter*, 951 F.3d 128, 136 n.18 (3d Cir. 2020), in which the court classified mail as priority mail rather than sealed letter class mail due to its weight. The categorization meant the mail was not subject to heightened requirements prior to customs inspection.

In France's objections, she argues that priority mail is considered sealed mail and therefore subject to heightened protections. To support her assertion, she cites 39 C.F.R. § 233.3(c)(3) which reads, "Sealed mail includes . . . Priority Mail . . . ."

The Court finds that 19 C.F.R. §145.1, not 39 C.F.R. § 233.3(c)(3), is controlling. The words defined in § 145.1 would be rendered moot if the Court used definitions found elsewhere in the Code of Federal Regulations, rather than the definitions found in the section pertaining to mail subject to customs examination.

"Sealed letter class mail" means "letter class mail sealed against postal inspection by the sender. *Id.* § 145.1(c). "Letter class mail" means

5

"any mail article, including packages, post cards, and aerogrammes mails at the letter rate or equivalent class or category of postage." *Id.* § 145.1(b).

In this case, it is undisputed that the parcels were not mailed at the letter rate. The R&R properly determined that the Appendix to Part 145 does not apply to the parcels at issue because they were not mailed at the letter rate and therefore did not qualify as sealed letter class mail. France's objections will be overruled.

Having conducted a complete and careful review of the R&R, including a de novo review of those portions of the R&R to which France objects, the Court overrules the objections [177] and adopts as its order the R&R [170]. France's motion [121] is denied in part as to the packages, and motions [152, 153] to suppress are denied in their entirety.

IT IS SO ORDERED this 4th day of June, 2020.

_____
Timothy C. Batten, Sr.
United States District Judge